

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Honorable Sidney H. Stein

PETER W. LINDNER,
                Plaintiff,

10 Civ. 2267 (SHS-AJP)

-against-

REQUEST FOR TWO DAY
EXTENSION

AMERICAN EXPRESS COMPANY
                Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Wednesday, March 24, 2010
Via fax and email

To The Honorable USDJ Stein,

    I hereby request an extension by two days until Friday, March 26, 2010 at 5pm to submit a reply to Amex, with which my adversary concurs[1]. I had spoken to my adversary, Joe Sacca at 5:20pm, when he called me (on related matters), and nicely reminded me that I missed the deadline within the hour. I appreciate Mr. Sacca's and Amex's courtesy in this regard.

    I do wish to note that the original schedule was for a conference on Friday, March 26, which Your Honor changed to a week later on Friday, April 2, 2010, and that Mr. Sacca planned to call Your Honor's chambers today at 10am to discuss changing that date. I had requested to be part of the conference call. Mr. Sacca later informed me that he cancelled the call to Your Honor. This is my first request for an extension. The information is below in tabular form.

"**Requests for Adjournments or Extensions of Time**. All requests for adjournments or extensions of time must state"
- the original date,                                                           **March 24, 2010, 5pm**
- the number of previous requests for adjournment or extension,     **0**
- whether these previous requests were granted or denied,            **n/a**
- whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.                                                             **Consent given**
- [5]If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.                                    **No, but see below re:proxy**

**Proxy**

    I have asked Mr. Sacca if Amex is making contingency plans for the proxy since the Amex Shareholder meeting April 26, 2010, and he basically said it was none of my concern and that (of course) Amex will obey all orders of The Court. However, I was concerned since last year Broadridge, the firm that prints the proxy, has a slow schedule (no offense meant to them), and I do not wish to cause additional delays to Amex, or its

SO ORDERED 3/25/10

/s/ Sidney H. Stein
SIDNEY H. STEIN
U.S.D.J.

---

[1] Via email Wed 3/24/2010 6:48 PM.

1

Shareholders, both of whom I hold in high regard. However, I just received my Amex proxy in the mail today, and it weighed 0.4 ounces, with an 8.5" x 11" paper cut in half for the proxy – to me this is an amazingly low number and truly in line with the ecological green logo on the Amex mailing. It strongly contrasts to IBM's mailing of 14.3 ounces.

But what concerns me is that Amex's affidavit, which. Secretary of the Corporation Ms. Carol Schwartz last year (April 2009) estimated a $1 million cost (if I'm not mistaken, and Amex asked for a bond by me in that amount), and in her preliminary proxy filing of March 2, 2010 stated would cost$^2$ $100,000 and in her affidavit of this week specified $500,000$^3$. Clearly last year and this year the dollar amount was significant, but in my opinion, this may not be a major factor for Amex as they would make it out to be. Thus, I conclude, that perhaps saving money on the mailing is not such a big objective or concern **for Amex**, and that the calculations are looser than I had imagined, and I would hope that Your Honor would thus not let cost sway His Honor's opinion.

By: _/s/ Peter W. Lindner_
Peter W. Lindner
Plaintiff, *Pro Se*
1 Irving Place, Apt. G-23-C
New York, New York 10003
Home/ Fax:   212-979-9647
Cell:   917-207-4962
Email:   nyc10003@nyc.rr.com

---

[2] Ms. Schwartz submitted to the SEC some 3 weeks ago that $100,000 is the additional cost of the solicitation of proxies:

"**Solicitation of Proxies; Expenses**

As a result of Mr. Lindner's intended proxy solicitation for election as a Director, we may incur additional costs in connection with our solicitation of proxies … Such additional costs are expected to aggregate to approximately $100,000. These additional solicitation costs are expected primarily to consist of the increased fees of outside counsel."
[pages 61-62, /s/ Carol V. Schwartz, Secretary & Corporate Governance Officer, PREC14A 1 dprec14a.htm PRELIMINARY PROXY STATEMENT, filed Mar 2 2010]

[3] I sincerely thank Mr. Sacca for obliging to make his submissions to Your Honor available to me in electronically stored information (ESI) native format, so that the 390 page document is searchable.

"8. Rescheduling or postponing the Annual Meeting and re-issuing, supplementing,
or amending the proxy materials would:
   (a) result in significant, unrecoverable costs and expenses in the hundreds of thousands of dollars (as much as $500,000 or more)…
I declare under penalty of perjury that the foregoing is true and correct.
Dated: March 22; 2010
              /s/ Carol V. Schwartz"
[Declaration of Carol V. Schwartz]

2